```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
       - - - - - - - - - - - - - - - X
 3
       UNITED STATES OF AMERICA,      :
 4                                               CR-03-929

 5              -against-                United States Courthouse
                                      :  Brooklyn, New York
 6     JOSEPH MASSINO,
       PATRICK DeFILIPPO,
 7     EMANUEL GUARAGNA,
       JOHN SPIRITO,
 8     ANTHONY FRASCONE,
       ANTHONY SIANO,
 9     RUSSELL TRUCCO,

10              Defendants.
                                      :  April 2, 2004
11                                       2:00 o'clock p.m.
       - - - - - - - - - - - - - - - X
12
                      TRANSCRIPT OF STATUS CONFERENCE
13              BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                       UNITED STATES DISTRICT JUDGE
14
       APPEARANCES:
15
       For the Plaintiff:     ROSLYNN R. MAUSKOPF
16                            United States Attorney
                              BY:  GREG ANDRES, MITRA HORMOZI,
17                            NICK BOURTIN, and ROBERT HENOCH
                              Assistant United States Attorneys
18                            225 Cadman Plaza East
                              Brooklyn, New York 11201
19
       For the Defendant:     DAVID BREITBART, ESQ.
20                            GLORIA EDWARDS, ESQ.
                              For J. Massino
21
                              RICHARD LEVITT, ESQ.
22                            JEAN BARRETT, ESQ.
                              For P. DeFilippo
23
                              MURRAY RICHMOND, ESQ.
24                            For J. Spirito

25                            MICHAEL BACHRACH, ESQ.
                              For A. Frascone
```

              HENRY R. SHAPIRO      OFFICIAL COURT REPORTER

```
 1                         HAROLD FAHRINGER, ESQ.
                           For A. Siano
 2
                           JOHN IANNUZZI, ESQ.
 3                         For R. Trucco

 4

 5   Court Reporter:       Henry R. Shapiro
                           225 Cadman Plaza East
 6                         Brooklyn, New York
                           718-260-2509
 7

 8   Proceedings recorded by mechanical stenography, transcript
     produced by CAT.
 9

10

11

12

13

14           THE CLERK:  United States versus Massino, et al.

15           THE COURT:  This is 03-CR 929.

16           MR. ANDRES:  Greg Andres, Nick Bourtin, Mitra

17   Hormozi, and Robert Henoch.

18           MS. EDWARDS:  For Mr. Massino, Gloria Edwards and

19   David Breitbart, your Honor.

20           THE COURT:  Good afternoon. Mr. Stern, is not here.

21           MR. BREITBART:  He is on one of those litigation

22   trips to Egypt.

23           THE COURT:  Patrick DeFilippo. Good afternoon.

24           MR. LEVITT:  Richard Levitt for Mr. DeFilippo, along

25   with Jean Barrett Lloyd Epstein.
```

1  I suggest where the government maybe seeking to execute my
2  client, it is not unreasonable to interpret a reasonable time
3  before trial to mean now.
4           THE COURT:  Anything else?
5           MR. ANDRES:  No, Judge.
6           MR. BOURTIN:  No.
7           THE COURT:  We also have a motion -- I have a motion
8  to quash.  I think we're going to handle that in camera.
9           MR. BOURTIN:  Yes, sir.
10          THE COURT:  I have considered the arguments here and
11 the papers submitted with respect to Mr. DeFilippo's motion
12 for discovery relevant to the death penalty determination and
13 I'm denying it for the following reasons:
14          Mr. DeFlilippo, argues that the opportunity to
15 provide mitigating evidence to the Department of Justice for
16 its consideration in determining whether to seek the death
17 penalty creates expanded discovery rights and I do not agree.
18          The Department of Justice, U.S. Attorney's Manual,
19 which I will call "the manual", is an internal document for
20 use only in directing procedure, and does not create any
21 rights enforceable by law.  Such rights include those relating
22 to discovery.  Specifically, "the manual" states that it:
23          "Provides only Department of Justice Guidance.  It
24 is not intended to, does not, and may not be relied upon to
25 create any rights substantive or procedural, enforceable at

1  law by any party in any matter civil or criminal."
2           In "the manual" the Department of Justice does offer
3  defense Counsel, "a reasonable opportunity to present any
4  facts, including any mitigating factors to the United States
5  Attorney for consideration." This, however, does not alter the
6  fact that no right to discovery is created by "the manual".
7  Thus Mr. DeFilippo's argument for expanded discovery rights
8  due to this opportunity to present precertification mitigation
9  evidence fails.
10          The government is not required to turn over Brady or
11 Giglio materials at this stage of the proceedings. Mr.
12 DeFlilippo argues in his motion the government is required to
13 turn over Brady and Giglio materials to the defense so that
14 his lawyers may use such material to prepare their
15 pre-certification mitigation letter to the Department of
16 Justice. The Court finds, however, that the request for Brady
17 and Giglio materials is premature.
18          In United States v Brady, the Supreme Court held that
19 the prosecution may not suppress evidence favorable to the
20 defense as to guilt or punishment. Giglio material, which
21 requires disclosure of evidence effecting the credibility of a
22 witness who's reliability may be dispositive of guilt or
23 innocence falls within the Brady rule.
24          In U.S. v Coppa, the Second Circuit reversed the
25 ruling of a judge in this district who granted a defense

1  motion ordering that the government disclose immediately all
2  its exculpatory and impeachment material after the indictment
3  was returned in a case but before trial date was set. The
4  Coppa court held the obligation to turn over Brady and Giglio
5  material is not triggered by a defendant's request that may be
6  made at any time after an indictment is returned. The Court
7  held that:
8          "As long as a defendant possesses Brady evidence in
9  time for its effective use, the government has not deprived
10 the defendant of due process of law simply because it did not
11 produce the evidence sooner. There is no Brady violation
12 unless there is a reasonable probability that earlier
13 disclosure of the evidence would have produced a different
14 result at trial.".
15         As the obligation to turn over Brady and Giglio
16 evidence is "independent of a defendant's request", it is the
17 government's responsibility to provide any such evidence that
18 is material no later than the time at which the outcome of the
19 trial would have been different if an earlier disclosure had
20 been made. At this time, there is no date set for Mr.
21 DeFlilippo's trial and it is not at all likely that it will
22 occur before 2005. It is true that death is an extremely
23 serious penalty, in fact, the most serious penalty. It is of
24 utmost importance that a defendant eligible for the death
25 penalty have access to exculpatory and impeachment evidence.

1  The government must honor its Brady and Giglio obligations and
2  produce this evidence in time for its effective use at trial.
3  Given the Second Circuit's Coppa decision, and the fact that
4  this decision is not altered by the manual, however, the
5  government is not now required to turn over such evidence and
6  the Court is not going to exercise its discretion in ordering
7  the government to turn over such evidence.
8         With respect to Rule 16 material, Mr. DeFlilippo
9  asserts that the government has not fulfilled its requirement
10 under Rule 16 to turn over the applicable evidence upon its
11 request.  The government recognizes its obligation under Rule
12 16 and must abide by them.  If the government, in fact, has
13 not complied with its continuing Rule 16 obligation the Court
14 orders that it do so forthwith.
15        Is there anything else for today in the 03-929 case?
16        MR. BOURTIN:  No, your Honor.
17        THE COURT:  Thank you very much.
18 I will excuse the defendants in 03-929, except for
19 Mr. Massino, and we'll continue with a status conference in
20 02-307.
21        Do you have something else?
22        MS. BARRETT:  May I approach?
23        THE COURT:  Yes, of course.
24        MS. BARRETT:  Thank you.
25        THE COURT:  Just one minute.