FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   JUN 13 2006   ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                      04 CR 911 (SJ)

    -against-                               **AMENDED**
                                                      **MEMORANDUM**
                                                      **AND ORDER**

ALPHONSE T. PERSICO,
    *also known as* "Allie Boy" and "the Kid,"
JOHN J. DEROSS,
    *also known as* "Jackie," and
CARMINE DEROSS, III,
    *also known as* "Skippy,"

                            Defendants.
------------------------------------------------------------X

APPEARANCES:

ROSYLNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
1 Pierrepont Plaza
Brooklyn, New York 11201
By:    Katya Jestin, Esq.
        Deborah Sue Mayer, Esq.
        Thomas J. Seigel, Esq.
Attorneys for the United States

DALE L. SMITH, ESQ.
The Soho Building
110 Greene Street, Suite 1102
New York, NY 10012
Attorney for Defendant Persico

LARUSSO & CONWAY
145 Willis Avenue

1

Mineola, NY 11501
By:    Robert P. LaRusso, Esq.
Attorney for Defendant John J. DeRoss

MICHAEL ROSEN, ESQ.
61 Broadway, Suite 1105
New York, NY 10006
Attorney for Defendant Carmine DeRoss

JOHNSON, Senior District Judge:

Before the Court is a motion by the Government for an anonymous, escorted and partially sequestered jury (the "Motion"). For the reasons stated below, the Government's Motion is GRANTED.

## BACKGROUND

The facts and procedural history of this case are presumed to be known by the parties and shall not be repeated here. In anticipation of going to trial later this year, the government filed the above-mentioned Motion on February 27, 2006. See 04 CR 911, Docket Entry No. 188. Defendant Alphonse T. Persico ("Persico") submitted a short response as part of a larger submission on March 13, 2006. See Id., Docket Entry No. 194. Defendant Carmine DeRoss ("C. DeRoss") responded in a letter to the Court dated March 27, 2006.[1] See Id., Docket Entry No. 197. Finally, Defendant John

---

[1] As part of his submission, C. DeRoss requested that, if this Court were to grant the Motion, that the Court then sever C. DeRoss's case from that of his co-defendants. However, as this Court has stated numerous times, C. DeRoss's case was initially severed – along with his then co-defendant, Michael Spataro – solely because J. DeRoss and Persico were initially eligible for the death penalty.

2

J. DeRoss ("J. DeRoss"), while not submitting a formal opposition, joined in with his co-defendants' objections to the Motion during a status conference before the Court on May 17, 2006. See Id., Docket Entry No. 219.

## DISCUSSION

It is well-settled in this Circuit that "when genuinely called for and when properly used, anonymous juries do not infringe a defendant's constitutional rights." United States v. Vario, 943 F.2d 236, 239 (2d Cir. 1991) (citations omitted).[2] In fact, "justice requires that when a serious threat to juror safety reasonably is found to exist, precautionary measures must be taken." Amuso, 21 F.3d at 1264 (internal quotation marks and citations omitted). Thus, impaneling an anonymous jury is appropriate when "first, [there is] strong reason to believe that the jury needs protection and, second, reasonable precaution [is] taken to minimize the effect that such a decision might have on the jurors' opinions of the defendants." Id.

As this Court has noted, the United States Court of Appeals for the Second Circuit has identified "the following factors in determining the propriety of ordering a partially sequestered and anonymous jury: (1) the seriousness of the charges; (2) the

---

However, now that the United States Department of Justice has decided not to seek the death penalty against J. DeRoss and Persico, the interests of justice are best served by these three defendants being tried together, as the grand jury initially intended. Thus, C. DeRoss's motion for severance is denied.

[2]District courts are also permitted, when appropriate, to go beyond jury anonymity by also ordering some form of juror sequestration. United States v. Amuso, 21 F.3d 1251, 1264-65 (2d Cir. 1994).

3

P-049

dangerousness of the defendant; (3) the defendant's ability to interfere with the judicial process by himself or through his associates; (4) previous attempts to interfere with the judicial process by the defendant or his associates; and (5) the amount of public and media attention expected during the trial that might expose the jurors to extraordinary pressures that could impair their ability to be fair." United States v. Cacace, 321 F. Supp. 2d 532, 534 (E.D.N.Y. 2004) (citations omitted). The Court shall thus consider the Motion in light of these five factors.

### A. *Seriousness of the Charges and the Dangerousness of the Defendants*

The government asserts as an initial matter that the three defendants are members of an organization known as the Colombo crime family (the "Colombo Family"). Such an allegation, standing alone, clearly would be an insufficient showing, as "[t]he invocation of the words 'organized crime,' 'mob,' or 'Mafia,' unless there is something more, does not warrant an anonymous jury." Vario, 943 F.2d at 241. However, a review of the superseding indictment demonstrates that the allegations go well beyond mere membership in an criminal enterprise. In fact, the superseding indictment demonstrates not only that these Defendants face serious charges but also that they are alleged to have participated with others in extremely violent acts, including, according to the superseding indictment, the murder of one individual by Persico and J. DeRoss. See 04 CR 911, Docket Entry No. 191. In total, the superseding indictment contains more than enough allegations for the Court to find

4

that the seriousness of the charges and the Defendants' alleged violent acts weigh strongly in favor of granting the Motion.

### B. Defendants' Ability and Previous Attempts to Obstruct Justice

Relevant to these two factors, the superseding indictment alleges witness tampering by Persico and J. DeRoss, and that Persico has served as the acting boss of the Colombo Family while J. DeRoss served as the operation's underboss. Id. Moreover, the Government recounted in its supporting papers what are by now well-known instances of attempts by the Colombo Family to influence improperly the judicial system. See Gov. Mem. Law in Supp. Mot. Anonymous, Escorted and Partially Sequestered Jury at 17-22.

These are not trivial points. The Defendants' charged crimes, Persico's and J. DeRoss's alleged positions in the Colombo Family, and the Colombo Family's previous attempts at obstructing justice together weigh in strong favor of the precautionary measure the Government seeks. See, e.g., Amuso, 21 F.3d at 1264-5 (upholding the district court's decision to impanel an anonymous and sequestered jury based, in part, on the fact that the defendant was "the head of a powerful crime organization" and therefore it "was certainly reasonable to expect that [the defendant] had the means to interfere with the jurors if he so desired"); United States v. Persico, 832 F.2d 705, 717 (2d Cir. 1987) (approving district court's conclusion that an anonymous jury was appropriate in light of "the violent acts alleged to have been

5

committed in the normal course of Colombo Family business, the Family's willingness to corrupt and obstruct the criminal justice system, and the extensive publicity this case is expected to continue to attract") (internal quotation marks and citation omitted); United States v. Thomas, 757 F.2d 1359, 1365 (2d Cir. 1985) (noting that "there was strong evidence of defendants' past attempts to interfere with the judicial process, and defendants were alleged to be part of a group that possessed the means to harm jurors").

### *C. Public and Media Attention*

It would be foolish to entertain the idea that the media, and even the public, would remain uninterested in a trial of this nature. If there is a saturation point for public fascination with cases involving organized crime, we are not there yet. And the case need not even involve allegedly high-ranking crime family members to land on the front page. In fact, a recent trial before this Court that involved some of the same Colombo Family allegations (and included C. DeRoss) garnered a good amount of media attention, including front-page coverage in the February 9, 2006 edition of the *New York Daily News*, even though that trial did not include charges against individuals alleged to have served as acting boss and underboss of the Colombo Family.[3]

---

[3] In its papers in support of the Motion, the Government cited to many other newspaper articles discussing issues related to not only to this earlier trial but also to this present case. See Gov. Mem. Law in Supp. Mot. Anonymous, Escorted and Partially Sequestered Jury at 22, n.3.

6

P-049

The Court really has no doubt that this trial will garner even more attention, further supporting the Government's Motion. See United States v. Persico, 92 CR 0351, 1994 WL 150837, at *2 (E.D.N.Y Apr. 20, 1994) (relying, in part, on the concerns of media coverage to grant motion for anonymous and partially sequestered jury).

In the end, because of existing case law in this Circuit, resolution of the Motion was not even a close call. The allegations in this case, combined with the obvious attention the trial is likely to draw, fall well within the mainstream of considerations courts in this Circuit have relied upon when granting similar motions. Based on the record and on the relevant filings, it is clear to the Court that there is a strong reason to believe that the jury needs protection, and that the precautions described more fully below are reasonable to minimize any prejudice that an anonymous jury may entail.

Thus, the Court finds that concerns about juror safety, potential tampering and media coverage are sufficiently strong enough to warrant the impaneling of an anonymous, escorted and partially sequestered jury. Accordingly, the Government's Motion is granted.

## CONCLUSION

For the above-mentioned reasons, the Government's Motion is GRANTED, and the Court DIRECTS that: (1) the names, addresses and places of employment of the prospective jurors shall not be revealed to either the parties or to their attorneys; (2)

7

from the time each juror survives any challenges for cause and for peremptory challenges until the end of the trial, the jurors shall be escorted by representatives of the United States Marshals Service to and from the courthouse each day, and at all times during recesses; and (3) jurors shall be sequestered in the courthouse during the lunch break for the entirety of the trial and the deliberations.

SO ORDERED.         s/SJ
Dated: June 9, 2006
    Brooklyn, NY        Senior U.S.D.J.

8

P-049