D+F

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   SEP 1 ... 2006   ★

P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              - against -

ALPHONSE T. PERSICO, JOHN J. DEROSS,
and CARMINE DEROSS, III,

                              Defendants.
-------------------------------------------------------------X

04 CR 911 (SJ)

**MEMORANDUM
AND ORDER**

APPEARANCES:

ROSYLNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
1 Pierrepont Plaza
Brooklyn, NY 11201
By:    Thomas J. Seigel, Esq.
        Katya Jestin, Esq.
        Deborah Sue Mayer, Esq.
Attorneys for the United States

DALE L. SMITH, ESQ.
The Soho Building
110 Greene Street, Suite 1102
New York, NY 10012
Attorney for Defendant Persico

SARITA KEDIA, ESQ.
275 Madison Avenue, 35th Floor
New York, NY 10016
Attorney for Defendant Persico

LARUSSO & CONWAY
145 Willis Avenue
Mineola, NY 11501
By:    Robert P. LaRusso, Esq.
Attorney for Defendant J. DeRoss

MICHAEL ROSEN, ESQ.
61 Broadway, Suite 1105
New York, NY 10006
Attorney for Defendant C. DeRoss

JOHNSON, Senior District Judge:

Presently before the Court is a motion by defendant Alphonse T. Persico ("Persico") for leave to conduct further inquiry into the pending employment application of Elliot F. Kaye, Esq. (the "Law Clerk"), current law clerk to this Court and the law clerk presently assigned to this case, for the position of Assistant United States Attorney with the United States Attorney's Office for the Eastern District of New York (the "USAO"), as well the alleged appearance of impropriety created thereby. For the reasons stated below, Persico's motion is denied.

## BACKGROUND[1]

On March 2, 2006, a grand jury in the Eastern District of New York returned a superseding indictment charging Persico and John J. DeRoss with one

---

[1] The Court presumes that the parties are familiar with the facts and procedural history of this case and, thus, will not recount the same in detail here.

P-049

count of murder in aid of racketeering, in connection with the murder of an individual named William Cutolo, Sr. ("Cutolo"), three counts relating to the attempted murder of an individual named Joseph Campanella ("Campanella"), and two counts of witness tampering. The superseding indictment also charged Carmine DeRoss, III with the same three crimes related to the attempted murder of Campanella.

In a letter dated August 21, 2006, Persico advised the Court that he had obtained information suggesting that the Law Clerk submitted an application for employment to the USAO and, accordingly, requested leave to examine the veracity of this information and its potential implications. (See Docket No. 04 CR 911, Entry 272.) In support of his motion, Persico specifically argues that the Law Clerk's application to the USAO creates, at a minimum, an appearance of partiality that warrants further judicial inquiry. Although not explicitly requesting the Court's or the Law Clerk's recusal, Persico makes clear his desire to confirm the date on which the Law Clerk submitted his application for employment. After receiving information regarding that date, Persico also states that he will then determine whether to move for reconsideration of all prior rulings in which the Law Clerk participated or request that the Court (or the Law Clerk) be recused from this case entirely.

P-049

## DISCUSSION

### I.  The Legal Standard

A judge is required to recuse himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[2] The Supreme Court has made clear that "[t]he goal of section 445(a) is to avoid even the appearance of partiality." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988). Accordingly, the relevant recusal inquiry for a court is not limited to a determination of its actual bias, but is whether a "reasonable member of the public at large, aware of all the facts, might fairly question the Court's impartiality." United States v. Ferguson, 550 F. Supp. 1256, 1260 (S.D.N.Y. 1982); see also United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000). Courts of appeals review a district court's denial of a motion for recusal under section 455(a) for abuse of discretion. United States v. Giordano, 442 F.3d 30, 48 (2d Cir. 2006) (citation omitted).

The concept of recusal has not only been applied to judges, but also to judicial law clerks. One circumstance in which law clerks have been recused from

---

[2]"Section 455(a) complements [section] 455(b), which addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." Bayless, 201 F.3d at 126; 28 U.S.C. § 455(b) (requiring recusal when, inter alia, a judge has "a personal bias or prejudice concerning a party"). Because Persico does not specifically allege any actual bias on the part of the Court or the Law Clerk, the Court will not consider the applicability of section 455(b) to the motion at bar.

4

cases is where a clerk works on matters in which a future employer is serving as counsel. See Hunt v. Am. Bank & Trust Co. of Baton Rouge, 783 F.2d 1011, 1015 (11th Cir. 1986). Under that set of facts, courts have deemed recusal to be the most prudent course of action because a law clerk's acceptance of employment with an attorney-of-record might cause a reasonable person to wonder about the clerk's impartiality. Id.; see also Federal Judicial Center, Chambers Handbook for Judges' Law Clerks and Secretaries § 2-2(J)(1) (1994) ("When law clerks accept a position with an attorney or firm, they should cease further involvement in those cases in which the future employer has an interest.") (emphasis added).

## II. Persico's Motion

Notwithstanding Persico's assertions to the contrary, there is no statutory provision, common law precedent, or ethical rule that compels the Court's or the Law Clerk's recusal from this case, thus obviating the need for further judicial inquiry into this matter. First, the cases to which Persico cites in his letter motion, and his letter reply, see Docket No. 04 CR 911, Entry 280, provide no authority for the proposition that an appearance of impropriety is created when a law clerk works on a case where he or she has done nothing more than submit an application

5

for employment to a firm or attorney that serves as counsel-of-record.[3]

Rather, the cited authority simply reiterates what the Court already understands – that it should remain cognizant of the status of the Law Clerk's application and revisit the issue of recusal if the USAO extends an offer of employment and that offer is accepted. See Hunt, 783 F.2d at 1015-16 (in a civil action, two of the judge's law clerks <u>accepted</u> offers of employment from the law firm representing several of the defendants in the case while the matter was pending before the court and, therefore, did not work on the case); Oliva v. United States, Nos. 86 CV 2354, 86 CV 3165, 82 CR 0395, 1986 WL 14622, at *1 (E.D.N.Y. Nov. 10, 1986) (in a habeas case, the judge recused himself because his law clerk <u>accepted</u> employment with the USAO, the respondent in that civil

---

[3] Arguing that a "potential and undeniable conflict exists in having a law clerk participating in cases after applying to the USAO," Persico notes that the United States Attorney's Office for the Southern District of New York ("SDNY") "requires a law clerk who has submitted an application to advise the [Assistant United States Attorney] working on the case that an application has been submitted so that a hearing pursuant to United States v. Curcio, 680 F.2d 881(2d Cir. 1982), may be held" in order to secure a party's informed waiver of a conflict of interest. Def.'s Ltr. 3. Persico's argument indicates a confused reading of the SDNY employment application. Although SDNY does require such disclosure, the mandate applies to attorneys who are "working on a criminal case involving [SDNY]," <u>not</u> law clerks. SDNY AUSA Employment Application 4, <u>available at</u> http://www.usdoj.gov/usao/nys/employment.html. The Court's reading is confirmed by the language that soon follows the text on which Persico relies: "If you are a <u>current law clerk</u> in the Southern District of New York or in the Second Circuit, please confirm in writing to the Executive [AUSA] that you have discussed your application to [SDNY] with your judge . . . ." SDNY AUSA Employment Application 5 (emphasis added). The Court concludes that there is nothing in SDNY practice that undermines the conclusion reached in this opinion.

6

P-049

action);[4] Federal Judicial Center, <u>Maintaining the Public Trust: Ethics for Federal Judicial Law Clerks</u> 15-16 (2002) ("[O]nce a [law clerk] <u>accepts</u> an offer – or is likely to do so – [a law clerk] should not work on any case involving [the] future employer.") (emphasis added). Nothing more (or less) is required from this Court at this juncture. Therefore, the Court concludes that the particular facts of this case do not require either the Court's or the Law Clerk's recusal, or even further inquiry into the matter at this time, as no reasonable person would determine that an appearance of impropriety currently exists.

## CONCLUSION

For the reasons stated above, Perisco's motion for leave to conduct further inquiry into the Law Clerk's application for employment with the USAO is hereby DENIED.

SO ORDERED.

Dated: September __, 2006
Brooklyn, NY

_____
Senior U.S.D.J.

---

[4] The Court also notes that the relief granted by Judge Nickerson in <u>Oliva</u>, namely, his recusal rather than the hired law clerk's recusal, was purely an exercise of that judge's discretion. Therefore, the <u>Oliva</u> case does not require that this Court follow a similar course of action if the Law Clerk receives and accepts an offer of employment from the USAO.

7