```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                            04 CR 911 (SJ) (S-3)

                                                            **MEMORANDUM**
        - against -                                         **AND ORDER**

ALPHONSE T. PERSICO
and JOHN J. DEROSS,
                            Defendants.
-------------------------------------------------------X
```

A P P E A R A N C E S:

ROSYLNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
1 Pierrepont Plaza
Brooklyn, NY 11201
By:    Thomas J. Seigel, Esq.
       Katya Jestin, Esq.
       Deborah Sue Mayer, Esq.
Attorneys for the United States

DALE L. SMITH, ESQ.
The Soho Building
110 Greene Street, Suite 1102
New York, NY 10012
Attorney for Defendant Persico

SARITA KEDIA, ESQ.
275 Madison Avenue, 35th Floor
New York, NY 10016
Attorney for Defendant Persico

LARUSSO & CONWAY
145 Willis Avenue
Mineola, NY 11501

By:  Robert P. LaRusso, Esq.
Attorney for Defendant J. DeRoss

JOHNSON, Senior District Judge:

Before the Court is a motion by the government to preclude defendants, Alphonse T. Persico and John J. DeRoss ("Defendants"), from introducing into evidence certain statements made by Vincent "Chicky" DeMartino ("DeMartino"), an alleged co-conspirator of Defendants. For the reasons stated below, the government's application is GRANTED, and Defendants may not offer the DeMartino statements for their truth.[1]

## BACKGROUND[2]

On March 2, 2006, a grand jury in the Eastern District of New York returned a superseding indictment charging Defendants with one count of murder in aid of racketeering, in connection with the murder of an individual named William Cutolo, Sr. ("Cutolo"), three counts relating to the attempted murder of an individual named Joseph Campanella ("Campanella"), and two counts of witness tampering. During the course of the trial, which commenced on September 25, 2006, Defendants have raised with the Court their intention to try to introduce

---

[1] This written Memorandum and Order follows a statement on the same subject that the Court read into the record with the parties present.

[2] The Court presumes the parties are familiar with the facts and procedural history of the case and, thus, will not recount the same in detail here.

2

certain out-of-court statements made by DeMartino. The government has objected and asked the Court to preclude admission of those statements.

**DISCUSSION**

**I.      The DeMartino Statements**

The government has taken issue with Defendants attempting to elicit during trial – predominantly, but not exclusively, through the use of audio recordings – statements made by DeMartino. Defendants assert that they should be permitted to introduce these statements into evidence because they undermine the government's claim that the attempt by DeMartino and Giovanni Floridia to kill Joseph Campanella ("Campanella") was sanctioned by the Colombo family. According to Defendants, these recorded statements by DeMartino support the view that the attempt on Campanella was definitely not a sanctioned hit, thus tending to exculpate their clients as to the related charges.

No doubt exists, then, that Defendants wish to introduce these out-of-court statements for their truth, which makes those statements hearsay. See Fed. R. Evid. 801(c). Because these statements are hearsay, according to the Federal Rules of Evidence, they can only be admitted if they fall under one of the hearsay exceptions contained in the Rules. See Fed. R. Evid. 802.

The parties have discussed two potentially applicable exceptions. First, the

government argues that Defendants may not rely on the co-conspirator exception contained in Rule 801(d)(2)(E). Defendants, though, assert that they are not relying on the co-conspirator exception. Nor could they. The co-conspirator exception is a one-way street down which only the government may travel. This view was confirmed recently by the Second Circuit in United States v. Milstein, 401 F.3d 53 (2005). In that case, the Second Circuit stated that defendants may not rely on the co-conspirator exception to introduce out-of-court statements by co-conspirators offered for the truth. Id. at 73.

Instead, Defendants in this case rely on Rule 806, which allows for impeachment of a declarant whose statement or statements have been admitted at trial under the co-conspirator exception contained in 801(d)(2)(E). According to Rule 806, such a credibility attack can come in the form of either a statement or conduct by the declarant, as long as the proffered impeachment evidence would be admissible against the declarant if that person had testified as a witness at trial.

Defendants have submitted to the Court transcripts for four of the telephone calls involving DeMartino that were captured on tape. The transcripts are for calls 59, 94, 118 and 858. Defendants argue that DeMartino's statements on these calls undermine his credibility in light of his co-conspirator statements that have come in earlier at trial. According to Defendants, these DeMartino statements may be used to impeach him because these statements undermine his

4

already-admitted statement that the Campanella murder attempt was sanctioned.

After reviewing the transcripts Defendants submitted, and after considering the statement by DeMartino that has already come in, the Court does not agree the statements Defendants seek to introduce actually contain impeachment material against DeMartino. Thus, Rule 806 does not provide an avenue for the use or admission of these statements.

In the absence of any exception to the hearsay rules that would permit Defendants to introduce the DeMartino statements, Defendants next rely on Holmes v. South Carolina, 126 S. Ct. 1727 (2006). In that case, in order to protect a defendant's constitutional rights, the Supreme Court invalidated what it deemed to be an arbitrary interpretation of an evidentiary rule by the South Carolina state courts. Id. at 1735.

It is unclear exactly how Defendants in this case believe Holmes provides the way around the hearsay rules that they seek. Certainly, they are not arguing that the hearsay rules are themselves arbitrary – and therefore unconstitutional – for the mere fact that in many instances the hearsay rules categorically limit certain proof a defendant may offer in his or her own defense. That argument would obviously be a non-starter.

Rather, it seems Defendants are saying, based on Holmes, that, *as applied*

in this case, the hearsay rules are arbitrary and would violate their constitutional rights if the hearsay rules do not permit Defendants to offer what they argue is exculpatory evidence that happens to be in the form of inadmissible hearsay. If that is what Defendants are arguing, the Court does not agree. The Rules of Evidence were created with an understanding that certain evidence, regardless of its possible probative value, may not be admitted in light of valid concerns about certain aspects of that evidence – in the case of hearsay, its reliability or the potential lack thereof.

The application in this case of the hearsay rules to the DeMartino statements differs greatly from the application of the interpretation of the rule underlying the Holmes case. In that case, the state court interpretation was not only a gross deviation from the South Carolina state evidentiary rule, according to the Supreme Court, but also that interpretation was unmoored from the purpose of the underlying rule the state courts purported to be interpreting. Id. at 1734-35.

No such concern exists here. We are not talking about the application of a fundamentally flawed interpretation of a rule of evidence. We are talking about the hearsay rules being routinely applied here just as they are in hundreds of federal courts each week. That is certainly not arbitrary. And, if in light of Holmes, this view is incorrect, then that is for a higher court to declare.

Thus, to the extent Defendants are saying that Holmes means that any time

6

a defendant wishes to offer exculpatory evidence he or she may do so, even if such evidence is otherwise barred by the Federal Rules of Evidence, the Court disagrees and believes that interpretation reads too much into Holmes.

## CONCLUSION

Therefore, the government's application is granted and Defendants may not introduce any out-of-court statements by DeMartino, whether through audio recordings or otherwise, if they are offered for their truth and do not otherwise fall under any of the exceptions to the hearsay rules.


SO ORDERED.

Dated: October 23, 2006 _____/s/_____
    Brooklyn, NY                 STERLING JOHNSON, JR.
                                       Senior United States District Judge