```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                          04 CR 911 (JS)

ALPHONSE T. PERSICO,
    also known as
    "The Kid" and
    "Allie Boy," and
JOHN J. DEROSS,
    also known as
    "Jackie,"

            Defendants.

- - - - - - - - - - - - - - - - - X
```

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS FIRST IN LIMINE MOTION

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York  11201

John Buretta
Jeffrey A. Goldberg
Deborah Mayer
Assistant United States Attorneys
     (Of Counsel)

TABLE OF CONTENTS

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . 1

Analysis  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.   THE COURT SHOULD PRECLUDE REFERENCE TO THE
        POSSIBLE PENALTIES FACED BY THE DEFENDANTS  . . . . . 1

    II.  THE COURT SHOULD PRECLUDE REFERENCE TO PUBLICATIONS
        NOT IN EVIDENCE . . . . . . . . . . . . . . . . . . . 2

    III. THE COURT SHOULD PRECLUDE REFERENCE TO THE IRAQ WAR
        OR OTHER EXTRANEOUS MATTERS THAT INVITE THE JURY
        TO DECIDE BASED ON BIAS, SYMPATHY, OR PREJUDICE . . . 3

    IV.  THE COURT SHOULD PRECLUDE REFERENCE TO THE PRIOR
        TRIAL IN THIS MATTER  . . . . . . . . . . . . . . . . 4

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Preliminary Statement

The government respectfully submits this motion to address in limine four matters that pertain to, among other things, the content of the opening statements.

Analysis

I. THE COURT SHOULD PRECLUDE REFERENCE TO THE POSSIBLE PENALTIES FACED BY THE DEFENDANTS

The government moves to preclude the defense from referencing the possible penalties faced by the defendants, such as a life sentence of imprisonment. Such penalties are irrelevant, and reference to them risks inappropriate jury decision based on bias or sympathy rather than facts and law. See Rogers v. United States, 422 U.S. 35, 40 (1975) ("the jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed"); United States v. Jones, 933 F.2d 807, 811 (10th Cir. 1991) ("[T]here is abundant authority that it is improper to inform the jury of the defendant's possible punishment."); United States v. Cook, 776 F. Supp. 755, 757 (S.D.N.Y. 1991) ("[w]here the jury is permitted to speculate concerning a defendant's possible punishment, a jury cannot properly . . . determine guilt or innocence based upon an impartial consideration of the evidence, unswayed by emotion, fear or prejudice").

The government raises this issue because, during closing arguments at the first trial, defense counsel for Persico referenced the possible penalties faced by Persico.  See Ex. A (Tr. 3668 ("That, ladies and gentlemen, is nowhere near the proof beyond a reasonable doubt, the proof that you need to convict a man of crime, to take away his liberty and send him to jail <u>for the rest of his life</u>.") (emphasis added)); Ex. B (Tr. 3767 ("a man's <u>life</u> is at stake for something he didn't do") (emphasis added)).

II. THE COURT SHOULD PRECLUDE REFERENCE TO PUBLICATIONS NOT IN <u>EVIDENCE</u>

The government moves to preclude reference to publications and other items not in evidence.  For example, during opening statement and again during closing argument at the first trial in this matter, counsel for defendant DeRoss put before the jury an extensive quotation from a law review article regarding the veracity of cooperating witnesses.  See Ex. C (Tr. 80-81, 3663).  That article was not in evidence, nor would there have been any proper basis for admitting it in evidence.  In addition, the excerpt from the article was not an accurate statement of the relevant law regarding the jury's assessment of cooperating witnesses, and had the effect of putting before the jury purported facts about cooperating witnesses (such as the

frequency of conviction based on their testimony) that were inaccurate, irrelevant, and/or risked jury confusion or improper jury reliance on the article.

Counsel for defendant Persico also relied on the article in closing argument. See Ex. D (Tr. 3696).

Any reference to that article, or any other publications or item not in evidence, is inappropriate and should be precluded.

III. THE COURT SHOULD PRECLUDE REFERENCE TO THE IRAQ WAR OR OTHER EXTRANEOUS MATTERS WHICH INVITE THE JURY TO DECIDE BASED ON BIAS, SYMPATHY, OR PREJUDICE

The government moves to preclude reference to the Iraq war or other matters which invite decision based on improper considerations such as bias, sympathy or prejudice. For example, during closing argument at the first trial, counsel for DeRoss discussed in detail the United States's decision to invade Iraq, and analogized that decision to the United States's prosecution of defendant DeRoss. See Ex. E (Tr. 3662). Such references obviously should be precluded, as they invite jury decision based on bias, symphathy, or prejudice, in regard to matters totally irrelevant to this case.

3

IV. THE COURT SHOULD PRECLUDE REFERENCE TO THE PRIOR TRIAL IN THIS MATTER

The government moves to preclude reference to the first trial in this matter, which resulted in a hung jury. The existence of that proceeding and its outcome is hearsay, is irrelevant, and risks jury confusion and prejudice to both parties. For the same reasons, defense counsel should be precluded on cross-examination from referencing that any of the government's witnesses have testified in a proceeding where Persico or DeRoss was a defendant. To the extent defense counsel can properly seek to impeach any witness using testimony at the prior trial, defense counsel should be required to refer to that trial only as a "proceeding," without identifying who was a defendant in the matter, the outcome, or when the proceeding occurred. Such a procedure was employed in June 2007 by the Honorable Nicholas G. Garaufis in the retrial of United States v. Basciano, 03 CR 929. See Ex. F. Judge Garaufis noted that the risk of unfair prejudice to either party inherent in referencing

4

the case's retrial status is extremely serious and requires the utmost caution by all parties:

> [t]he danger of unfair prejudice resulting from the admission of evidence concerning the first trial is extreme. The very fact that the defendant was previously tried for some of the RICO predicate acts charged in this case is potentially very prejudicial. . . . [If jurors] would learn of the prior trial, or if the questioning resulted in putting a thought in the juror's minds that there was a prior trial, jurors may start to wonder what happened at the prior trial, and why there was a need for a subsequent trial. Raising these types of questions has the potential to prejudice both parties. . . . In light of this, the parties and the court must make every effort to ensure the existence of the prior trial is not placed before the jury.

Id. The same reasoning applies here.

## Conclusion

For the reasons set forth above, the government's motion in limine should be granted.

Dated:   Brooklyn, New York
         October 1, 2007

                                    Respectfully submitted,

                                    ROSLYNN R. MAUSKOPF
                                    United States Attorney
                                    Eastern District of New York
                                    One Pierrepont Plaza
                                    Brooklyn, New York  11201


John Buretta
Jeffrey A. Goldberg
Deborah Mayer
Assistant United States Attorneys
     (Of Counsel)

5