# Exhibit C

1  provide them with what they needed, somebody on the inside.
2           What this case actually comes down to, and the
3  evidence will show and what we will demonstrate, is three
4  cooperators and their testimony, their testimony about
5  conversations they had with Jackie DeRoss, with nobody
6  present.  There's no tape, there's no witness to verify the
7  conversations.  They are statements that these witnesses say
8  occurred.  The evidence will show they didn't.
9           We will prove, ladies and gentlemen, during the
10 trial, especially at its conclusion, that those conversations
11 with Mr. DeRoss, they never occurred.  They were stories.
12 They were fabricated by -- and I'm not going to go into their
13 criminal past.  They're habitual criminals.  They're serial
14 liars, and you will hear them testify, over and over again,
15 about how they lie and the motives behind it.  They're
16 motivated out of self-interest and self-preservation, and most
17 disturbingly, the government was manipulated and deceived by
18 these liars.
19          Credibility then is going to be the key issue here,
20 and, you know, I was researching this particular point for
21 some comment I could make regarding what we intend to prove,
22 and I found one by a law professor and I think it will sum up
23 the evidence that we will show you.
24          "The cooperating" -- and this a quote, "A
25 cooperating witness is probably the most dangerous witness of

OPENING/LARUSSO                                    81

1   all.  No other witness has such extraordinary incentive to
2   lie.  Furthermore, no other witness has the capacity to
3   manipulate, mislead and deceive his investigative and
4   prosecutorial handlers.  With the prosecutor, the cooperating
5   witness provides the most damaging evidence against the
6   defendant, is capable of lying convincingly and typically is
7   believed by the jury."
8           We'll prove that that's what happened here.  These
9   individuals who had a substantial motive to lie.  They were
10  trying to obtain their freedom as early as they possibly can,
11  gave the government what the government wanted to hear.
12          We'll also prove, ladies and gentlemen, that these
13  cooperators actually played upon the government's intense
14  desire to pin the charges on Jackie DeRoss.  You know what?
15  They let these men have a very sweetheart deal for that
16  testimony, those false stories.
17          The evidence will show that the government is
18  well-intentioned, ladies and gentlemen, as hard working as
19  they are and as professional as they are, to deceive and to
20  accepting these false versions by career criminals and
21  professional liars.  They put blinders on.
22          Our evidence will show that the witnesses lied to
23  the F.B.I., they lied to the government and they will be lying
24  to you.  Thank you.
25          THE COURT:  All right.  What we will do, I was --

```
                                                                    3663
                         SUMMATION/LaRUSSO
```

1   upon that information and the war began.  And only later,

2   unfortunately much later, did the truth surface, and we all

3   have sadly come to realize that the information was wrong.

4   There were no weapons of mass destruction.

5          Here the government has begun with a preconceived

6   theory that Persico and Jackie DeRoss were behind the

7   disappearance of Cutolo and the shooting of Campanella.  You

8   have Salome, Campanella and Floridia, professional liars and

9   manipulators.  They gave the government what they wanted to

10  hear in return for their freedom.

11         And the last comment I have is -- I actually made

12  mention to you in my opening.  I think it is appropriate now,

13  as it was then, a statement in a Law Review article by a

14  professor:  "The cooperating witness is probably the most

15  dangerous prosecution witness of all.  No other witness has

16  such an extraordinary incentive to lie."

17         Furthermore, no other witness has the capacity to

18  manipulate, mislead and deceive his investigative and

19  prosecutorial handlers.  The cooperating witness provides the

20  most damaging evidence against the defendant.  Is capable of

21  lying convincingly, and typically is believed by the jury.

22         I believe, ladies and gentlemen, we have proven that

23  these cooperators in fact have lied to you, and I ask you to

24  return a verdict of not guilty with regard to Mr. DeRoss.

25         Thank you.