# Exhibit F

```
                                                        Page 1149
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

                        03-CR-929(NGG)


          versus          United States Courthouse
                          225 Cadman Plaza East
                          Brooklyn, N.Y.  11201
VINCENT BASCIANO,

          DEFENDANT.

------------------------------------------x
                                    June 27th, 2007
                                    9:30 a. m.
          TRANSCRIPT OF TRIAL
Before: HON. NICHOLAS G. GARAUFIS,
                             DISTRICT COURT JUDGE

                    APPEARANCES

ROSLYNN R. MAUSKOPF
United States Attorney - Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York  11201
     JOHN BURETTA, ESQ.
     WINSTON CHAN, ESQ.
     AMY BUSA, ESQ.
     Assistant United States Attorneys

ATTORNEYS FOR DEFENDANT:

     JAMES KOUSOUROS, ESQ.
     ALLAN L. BRENNER, ESQ.
     STEPHANIE CARVLIN, ESQ.

Reporter:  LISA SCHMID, CCR, RMR

          225 Cadman Plaza East Rm 354E
          Brooklyn, New York  11201
          Tel: (718) 613-2644  Fax: (718) 613-2379

Proceedings recorded by mechanical stenography, transcription
by CAT.
```

CICALE/DIRECT/BURETTA

Page 1285

1  agreed to cooperate and testify truthfully. Further, Cicale's
2  decision to cooperate means that Cicale may obtain a sentence
3  that is substantially shorter than a life sentence that this
4  court could otherwise impose.
5       Finally, the defendant may ask Cicale about the extent
6  to which his personal relationship with Basciano affected his
7  decision to cooperate. After all, Basciano is the godfather of
8  Cicale's daughter. When all of this is taken into account, the
9  fact that Cicale decide to cooperate days before the first
10 Basciano trial is of minimal probative value.
11      In contrast, the danger of unfair prejudice resulting
12 from the admission of evidence concerning the first trial is
13 extreme. The very fact that the defendant was previously tied
14 tried for some of the RICO predicate acts charged in this case
15 is potentially very prejudicial. Jurors would learn of the
16 prior a trial, or if the questioning resulted in putting a
17 thought in the juror's minds that there was a prior trial,
18 jurors may start to wonder what happened at the prior trial,
19 and why there was a need for a subsequent trial. Raising these
20 types of questions has the potential to prejudice both parties.
21      It may be possible to craft a series of questions in
22 which Cicale is asked about the timing of his decision, without
23 reaching the fact that the prior trial actually occurred. For
24 instance, by inquiring as to whether a trial was scheduled, not
25 identifying whose trial, however, even with such circumscribed

MICKEY BRYMER, OCR

CICALE/DIRECT/BURETTA

Page 1286

1 questions there is a significant risk that Cicale will
2 inadvertently mention the fact of the prior trial or say
3 something that will open the door to the existence of the prior
4 trial.
5     In light of this, the parties and the court must make
6 every effort to ensure that the existence of the prior trial is
7 not placed before the jury.
8     With respect to the instant application permitting
9 defendant to inquire into the timing of Cicale's decision to
10 cooperate poses a great risk that one or both parties will be
11 prejudiced by injecting the issue of the prior trial into the
12 case and greatly outweighs the minimal probative value of such
13 an inquiry, so your motion is denied.
14     MR. BURETTA: Judge, I request the opportunity for one
15 minute to reinstruct the witness about that ruling so that
16 there aren't any mistakes made, there is no strain that occurs.
17 I only raise that because we did have an issue earlier about
18 repeating instructions to the witness about a subject, and
19 somehow, it came out the wrong way. I don't want that to
20 happen, so.
21     MR. KOUSOUROS: Your Honor, as well, I just want to
22 front this to the Court, this is nothing new, but I want to
23 make sure that perhaps this could be part of these, part of
24 discussion with the witness. With respect to Mr. Cicale's
25 decision to cooperate.

MICKEY BRYMER, OCR