```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                           MEMORANDUM AND ORDER
                                           04-CR-911 (JS)
         -against-

ALPHONSE T. PERSICO,
     also known as "The Kid"
     and "Allie Boy" and
JOHN J. DEROSS,
     also known as "Jackie"

                  Defendants.
----------------------------------X
APPEARANCES:
For Government        John David Buretta, Esq.
                      Jeffrey A. Goldberg, Esq.
                      Deborah Sue Mayer, Esq.
                      United States Attorneys Office
                      One Pierrepont Plaza
                      Brooklyn, NY 11201

For Defendants:
Alphonse Persico      Sarita Kedia, Esq.
                      Law Offices of Sarita Kedia
                      5 East 22nd Street, Suite 7B
                      New York, NY 10010

John DeRoss           Robert P. LaRusso, Esq.
                      LaRusso & Conway
                      145 Willis Avenue
                      Mineola, NY 11501
```

SEYBERT, District Judge:

Defendants Alphonse Persico ("Persico") and John DeRoss ("DeRoss") were found guilty by a jury on December 28, 2007 on three of the six counts contained in the Indictment. Namely, Defendants were found guilty of the murder of William Cutolo, Sr. ("Cutolo, Sr.") in aid of racketeering (Count 1), conspiracy to tamper with witnesses (Count 5), and witness tampering (Count 6), while they were found not guilty of the charges related to the

Joseph Campanella shooting (Counts 2, 3, and 4).  On November 24, 2008, the Court denied Defendants' motions for a judgment of acquittal after the jury verdict pursuant to Federal Rule of Criminal Procedure 29(c), and denied Defendants' motions for a new trial pursuant to Rule 33.  Presently pending before the Court is the Defendants' motion seeking discovery of "all information in the government's possession relating to the death of William Cutolo, Sr."  (Defs.' Letter dated Oct. 7, 2008).  For the reasons explained below, Defendants' motion is DENIED.

## BACKGROUND

The Court presumes familiarity with the facts of this case and does not recite them at length.

### DEFENDANTS' MOTION SEEKING DISCLOSURE OF ALL EVIDENCE RELATING TO THE DEATH OF CUTOLO, SR.

During the trial, to establish Defendants' guilt on the murder charge,[1] the Government primarily presented evidence as to both Defendants' motives and opportunities to kill Cutolo, Sr.  In response, the Defendants claimed that Cutolo, Sr. was still alive, pointing to the Government's failure to present a body or establish a cause of death.  On October 6, 2008, however, the Federal Bureau of Investigation recovered the buried body of Cutolo, Sr.  The Suffolk County Medical Examiner identified the cause of death as homicide. (See Gov't's Letter dated Oct. 7, 2008).  In their Rule

---

[1] The discovery of Cutolo, Sr.'s body is irrelevant for purposes of the witness tampering charges.

33 motions for new trials, Defendants then altered their argument, stating that the discovery of Cutolo, Sr.'s body was actually evidence that supported their innocence because Cutolo, Sr.'s body was discovered in a place that was inconsistent with the Government's theory.  As a result, Defendants claim, they are entitled to all information in the Government's possession regarding Cutolo, Sr.'s death.

As indicated in its November 24, 2008 Order,[2] this Court agrees with the Defendants that the new evidence surrounding the

---

[2] On November 15, 2008, nine days prior to the Court's November 24, 2008 Order, the Government submitted an ex parte letter in response to Defendants' request.  The submission sought to bolster the Government's position, briefly describing additional information discovered during an ongoing Government investigation.  It also outlined why the information contained therein should not be discoverable by the Defendants; the Government claimed that disclosure might jeopardize the investigation.
Indeed, it appears that the information contained in the submission is sensitive and its disclosure might jeopardize the safety of certain individuals cooperating with the Government.  For this reason, the information should not be disclosed and should remain sealed. Nevertheless, the Court feels it necessary to state, in no uncertain terms, that the ex parte submission was not considered in denying Defendants' Rule 29 and 33 motions.  The Court agrees with the Defendants that, generally, courts "may not dispose of the merits of a case on the basis of ex parte, in camera submissions."  (See Defs.' Mem. of Law in Further Supp. of Mot. for New Trial 8 (quoting United States v. Camacho, 94-CR-313, 2002 WL 31770810, *2 (S.D.N.Y. 2002) (quoting United States v. Abourzek, 785 F.2d 1043, 1060-61 (D.C. Cir. 1986)))).  In this case, the Government presented more than sufficient evidence for the jury to find, beyond a reasonable doubt, that the Defendants ordered Cutolo, Sr.'s death and engaged in witness tampering. Based on that evidence, and not the documentation included in the Government's November 15, 2008 ex parte submission, the Court denied Defendants' Rule 29 and 33 motions.

3

discovery of Cutolo, Sr.'s body contradicts the Government's theory of disposal, but proof of the whereabouts of Cutolo, Sr.'s body is not exculpatory and in no way contradicts the motive and opportunity evidence presented by the Government at trial. Even post-trial, the Government may have a duty to disclose certain information, albeit a lesser duty than before or during trial. See McKithen v. Brown, 565 F. Supp. 2d 440, 463 (E.D.N.Y. 2008) ("[A]fter a conviction becomes final the prosecutor's duty to seek justice, though no longer enforceable through the due process right to a fair trial, does not entirely evaporate."); see also Herrera v. Collins, 506 U.S. 390, 399-400, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1992) (stating that after conviction, a defendant is legally presumed guilty, not legally presumed innocent, and accordingly retains fewer rights). But regardless of the exact dimensions of the Government's duty to disclose, at bottom the Government is only required to disclose material exculpatory information. See Weatherford v. Bursey, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977). Thus, the Defendants are not entitled to all information in the Government's possession regarding the circumstances of Cutolo, Sr.'s death.

## CONCLUSION

For the reasons explained above, the Court hereby DENIES Defendants' motion seeking disclosure of all information in the Government's possession concerning the death of Cutolo, Sr.

Furthermore, the Court ORDERS that the documents contained in the Government's ex parte submission, dated November 15, 2008, remain under seal.

                                          SO ORDERED

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
           December 5, 2008