# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,                              :

    -against-                                       :       08 Cr. 577 (JFK)

GEORGE DENTI,                                          :

    Defendant.                                       :
------------------------------------------------------X

## ORDER RECOMMENDING DESIGNATION BY THE BUREAU OF PRISONS TO FPI FORT DIX

The Court has been advised that the Bureau of Prisons has designated the Defendant George Denti to the MCC New York for service of (JFK) his 18-month sentence, which he is to begin serving on June 8, 2009. The Court hereby recommends that the Bureau of Prisons re-designate the Defendant to the Low Security Facility located at Fort Dix, New Jersey. This recommendation is made to facilitate Defendant's frequent visitation with his sons, who suffer from certain illnesses.

Defendant's request to adjourn his surrender date is denied. The Government represents that the Bureau of Prisons can process the re-designation to Fort Dix in time for the original surrender date. Accordingly, the Defendant is ordered to surrender to the United States Marshal for this district on June 8, 2009, as originally scheduled.

**SO ORDERED.**

Dated:    New York, New York
             May 18, 2009

                                                                                JOHN F. KEENAN
                                                                             United States District Judge

SERCARZ & RIOPELLE, LLP

CARNEGIE HALL TOWER
152 WEST 57TH STREET, 24TH FLOOR
NEW YORK, NEW YORK 10019

ROLAND C. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

May 12, 2009

BY HAND AND ECF

Honorable John F. Keenan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 1930
New York, New York 10007

Re: United States v. Denti, 08 CR 00577 (JFK)

Dear Judge Keenan:

    I have been retained to represent Defendant George Denti in connection with the above-referenced matter. I write to make an application to the Court requesting two forms of relief: first, I request that the Court make a recommendation to the Bureau of Prisons that Mr. Denti serve his sentence at Fort Dix rather than at the MCC; and second, I request that the Court adjourn the date by which Mr. Denti must surrender to the Bureau of Prisons for an additional 30 days, to July 8, 2009, to permit me adequate time to try to have the defendant re-designated to Fort Dix. I have spoken to Assistant United States Attorney David Massey concerning this application, and he takes no position with respect to it. The reasons for this application are as follows.

    On April 9, 2009, the Court sentenced Mr. Denti to a term of 18 months incarceration, and included in its judgment a recommendation that "the defendant be detained as close to New York City as possible."[1] Unfortunately, because the defendant did not request a recommendation of designation to a particular facility, the Bureau of Prisons decided to designate Mr. Denti to serve his sentence at MCC New York (a copy of correspondence from the Probation Department directing Mr. Denti to surrender to the MCC to serve his sentence is attached as Exhibit B to this letter), which is a high security facility with relatively poor medical care, no access to outdoor

---

[1] A copy of the Court's judgment and commitment order is attached to this letter as Exhibit A.

SERCARZ & RIOPELLE, LLP

space, and poor visiting facilities.[2] Having reviewed Mr. Denti's presentence report ("PSR") and the charges in this matter, it appears to me that Mr. Denti would likely qualify to be housed at a low security Bureau of Prisons facility, and he may even qualify to serve his imprisonment at a Federal Prison Camp.

As the Court is aware, Mr. Denti has two children with behavioral disorders (Asperger's syndrome and ADD), and their ability to visit with their father at the MCC will be far more curtailed and circumscribed than it would be at a low security or minimum security facility. Obviously, to the extent Mr. Denti is permitted to visit more freely and more frequently with his children during his term of incarceration, such visits will benefit his children greatly, and will also ease the difficulty of incarceration for Mr. Denti. The importance of these visits cannot be over-emphasized, particularly since the PSR reflects the fact that Mr. Denti's wife, who will be sole caretaker of his children while he is incarcerated, suffers from bipolar disorder. See PSR, ¶ 66.[3]

Mr. Denti, who is grossly obese, will also benefit from being housed in a facility where he will have access to outdoor space and the ability to exercise by walking outside. At the MCC, Mr. Denti's health may deteriorate, without access to such exercise.

I have been informed that the Bureau of Prisons will reconsider Mr. Denti's designation to MCC New York, and will attempt to place him in a different facility, only if the Court makes a second, specific recommendation for a *different* facility. Accordingly, on behalf of my client, *and without opposition from the government*, I respectfully request that the court make a further recommendation to the Bureau of Prisons that Mr. Denti be reassigned to the Low Security Federal Prison at Fort Dix, New Jersey, or to such other Low Security Facility in the Northeast region as the Bureau of Prisons deems appropriate. We believe that Fort Dix would be the most appropriate facility because it is near to the Metropolitan Area, will provide ample opportunity for Mr. Denti's sons to visit him, and has ample outdoor space.

Enclosed with this letter is a proposed order by which the Court can recommend that Mr. Denti be housed at the Low Security Prison Facility at Fort Dix. Given the immediacy of Mr. Denti's surrender date (June 8, 2009), I respectfully ask the Court to consider this request at its earliest convenience. If the Court does sign the proposed Order, it may take several weeks to achieve the change in Mr. Denti's designation. For this reason, I respectfully request that the Court adjourn the date by which Mr. Denti must surrender to the custody of the Bureau of Prisons by one month, to July 8, 2009.

As is noted above, the government takes no position on either of the applications made in this letter.

---

[2] Indeed, I believe that Mr. Denti was designated by the Bureau of Prisons to serve his sentence in the "work cadre" at the MCC – the only federal prison facility *in* New York City. The work cadre is a group of sentenced, low security inmates, who perform work functions at the MCC such as cleaning and cooking for the other *higher security inmates*.

[3] For the Court's convenience, a copy of the PSR is attached as Exhibit C.

SERCARZ & RIOPELLE, LLP

On behalf of Mr. Denti, I thank you in advance for your consideration of this request.

Respectfully submitted,

Roland G. Riopelle

cc:   AUSA David Massey (By Hand and ECF)

3

# EXHIBIT B

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
v.
FRANK CALI

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 2 0 2008 ★
BROOKLYN OFFICE

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   CR08-76 (JBW)

USM Number:   75768-053

HARLAN PROTASS 305 MADISON AV. NYC 10165
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)   38 OF THE SUPERSEDING INDICTMENT    AUSA-JOEY LIPTON

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1951 (a) | EXTORTION CONSPIRACY | | 38 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   REMAINING    ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/7/2008
Date of Imposition of Judgment

_/s/ Jack B. Weinstein_
Signature of Judge

JACK B. WEINSTEIN            U.S.D.J.
Name of Judge                Title of Judge

8/15/2008
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

DEFENDANT: FRANK CALI
CASE NUMBER: CR08-76 (JBW)

Judgment — Page  2  of  7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

### 18 MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:

THAT THE DEFENDANT BE INCARCERATED AT THE PRISON CAMP AT FORT DIX.
THE DEFENDANT IS TO BE PROVIDED WITH IMMEDIATE MEDICAL TREATMENT.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page 3 of 7

DEFENDANT: FRANK CALI
CASE NUMBER: CR08-76 (JBW)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 YEARS. THE DEFENDANT IS NOT TO HAVE ANY RELATIONSHIP WITH MEMBERS OF ORGANIZED CRIME OR CRIMINALS, UNLESS THEY ARE RELATED BY A NATURAL RELATIONSHIP, MARRIAGE OR OTHERWISE.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page  4  of  7

DEFENDANT: FRANK CALI
CASE NUMBER: CR08-76 (JBW)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 30,000.00 | $ |

**PAYABLE IMMEDIATELY**

☑ The determination of restitution is deferred until  9/16 .  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the   ☑ fine  ☐ restitution. **IF PAID IN FULL WITHIN 1 YEAR AFTER RELEASE FROM PRISON**

   ☐ the interest requirement for the   ☐ fine  ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

JAN 2 0 2009

EASTERN District of NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | AMENDED  AMENDED  AMENDED |
| FRANK CALI | Case Number: CR08-76 (JBW) |
| | USM Number: 75768-053 |
| | HARLAN PROTASS 305 MADISON AV. NYC 10165 |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   38 OF THE SUPERSEDING INDICTMENT       AUSA-JOEY LIPTON

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC 1951 (a) | EXTORTION CONSPIRACY | | 38 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  REMAINING   ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/7/2008  (AMENDED 11/26/08)
Date of Imposition of Judgment

_[signature]_
Signature of Judge

JACK B. WEINSTEIN       U.S.D.J.
Name of Judge          Title of Judge

1/16/2009
Date

DEFENDANT: FRANK CALI
CASE NUMBER: CR08-76 (JBW)

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

16 MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:

THAT THE DEFENDANT SERVE THE REMAINDER OF HIS TERM AT THE MDC

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: FRANK CALI
CASE NUMBER: CR08-76 (JBW)

Judgment—Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 YEARS. THE DEFENDANT IS NOT TO HAVE ANY RELATIONSHIP WITH MEMBERS OF ORGANIZED CRIME OR CRIMINALS, UNLESS THEY ARE RELATED BY A NATURAL RELATIONSHIP, MARRIAGE OR OTHERWISE.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: FRANK CALI
CASE NUMBER: CR08-76 (JBW)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 30,000.00 | $ |

*PAYABLE IMMEDIATELY*

☑ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☑ fine  ☐ restitution. *IF PAID IN FULL WITHIN 1 YEAR*

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows: *AFTER RELEASE FROM PRISON*

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.