```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
                                        04-CR-911 (JS)
          -against-

ALPHONSE T. PERSICO,
     also known as "The Kid"
     and "Allie Boy" and
JOHN J. DEROSS,
     also known as "Jackie"

                    Defendants.
----------------------------------X
```
APPEARANCES:
For Government       John David Buretta, Esq.
                     Jeffrey A. Goldberg, Esq.
                     Deborah Sue Mayer, Esq.
                     United States Attorneys Office
                     One Pierrepont Plaza
                     Brooklyn, NY 11201

For Defendants:
Alphonse Persico     Sarita Kedia, Esq.
                     Law Offices of Sarita Kedia
                     5 East 22nd Street, Suite 7B
                     New York, NY 10010

John DeRoss          Robert P. LaRusso, Esq.
                     LaRusso & Conway
                     145 Willis Avenue
                     Mineola, NY 11501

SEYBERT, District Judge:

        Defendants Alphonse Persico ("Persico") and John DeRoss ("DeRoss") were found guilty by a jury on December 28, 2007 of the murder of William Cutolo, Sr. ("Cutolo, Sr.") in aid of racketeering, conspiracy to tamper with witnesses, and witness tampering.[1] On March 5, 2009, the Court imposed life sentences on

---

[1] For more detailed information on the specific counts in the Indictment and Defendants' convictions, see the Court's

each of the Defendants. As part of their sentences, the Court ordered that each "Defendant not be permitted any association with anyone affiliated with organized crime." (Judgment of March 5, 2009). Pending before the Court are Defendants' applications for removal of these non-association conditions from Defendants' sentences. For the reasons explained below, the Court GRANTS Defendants' applications.

BACKGROUND

The Court presumes familiarity with the underlying facts of this case that led to the Defendants' convictions and does not recite them at length. After their convictions and sentencings, the Defendants brought their present applications. In these applications, the Defendants made the Court aware that, contrary to the Government's representations at sentencing, courts rarely impose non-association sentence provisions. In response, the Government pointed to and relied heavily on United States v. Felipe, 148 F.3d 101 (2d Cir. 1998).

In Felipe, the Government presented significant evidence that the defendant committed multiple crimes while in custody and had a likelihood of committing crimes while in custody in the future. Id. On appeal, the Second Circuit explained:

> Felipe ordered the murders of at least six
> individuals from his jail cell, two of which
> were carried out successfully, the others of

---

Memorandum and Order dated November 24, 2008 (docket entry 714).

2

>       which led to serious injury to the intended
>       targets, or injury and death to unfortunate
>       bystanders. As a consequence, the fact that
>       he will be in prison for life is no guarantee
>       that his days of committing violent acts
>       towards others are over. At this time, the
>       risk is too high that defendant will order
>       additional killings in the future if severe
>       restrictions are not imposed on his ability to
>       communicate with third parties.

Id. at 111-12.

By contrast, in this case, when the Court asked the Government if it had any evidence that Persico or DeRoss had committed crimes while in custody, the Government responded that it had no concrete evidence except that Persico had been found to have committed one infraction involving his possession of chewing gum while incarcerated.[2]

## DISCUSSION

Because the Government has been unable to provide the Court with sufficient evidence to show that the Defendants are likely to order additional killings from prison, it cannot oppose Defendants' applications on their merits. Instead, the Government

---

[2] At trial, neither Defendant seriously disputed his status as a high-ranking member of the Colombo crime family; however, their status and previous crimes alone do not sufficiently distinguish them from the many other crime figures that come through the justice system such that the imposition of the non-association provision is warranted. When compared to the evidence presented in Felipe, the Government here clearly has failed to establish that the risk is too high that the Defendants will order additional killings in the future if severe restrictions are not imposed on their ability to communicate with third parties.

3

opposes the Defendants' applications by arguing that this Court no longer has jurisdiction to entertain the applications, either under 18 U.S.C. § 3582(d) or 28 U.S.C. § 2241, and believes that the Defendants only recourse lies with habeas petitions brought pursuant to 28 U.S.C. § 2255.[3] The Court disagrees.

As the Government is well aware, non-association provisions are treated uniquely under 18 U.S.C. § 3582(d). In fact, the <u>Felipe</u> court recognized the possibility that a district court may retain jurisdiction to re-evaluate the appropriateness of non-association provisions for just cause. In that case the district court recognized the non-association provision was severe, but stated that the case presented unusual circumstances raising unique concerns. To temper the severity of the provision, the district court retained jurisdiction to re-evaluate Felipe's non-association provision periodically. On appeal, the Second Circuit, cited this re-evaluation favorably:

> We are further persuaded that the conditions imposed on defendant's confinement are appropriate by the fact that the same district judge has retained jurisdiction over Felipe's case to consider either his or Bureau of Prisons' applications to modify the conditions on the basis of any change of circumstances or for any other just cause. The district court has already modified the order in favor of Felipe on at least two occasions. If, over time, it appears that Felipe no longer poses

---

[3] The Defendants might have chosen to petition the Court pursuant to § 2255, but this is not the only avenue through which the Court may grant relief in this case.

4

>such a threat to society, various privileges
>may gradually be restored.

Id. at 111.

Accordingly, this Court retains jurisdiction to re-evaluate the non-association provisions it imposed on both Defendants. Given the circumstances in this case, namely the Government's failure to meet its burden demonstrating that the Defendants would commit crimes while in custody and the consequences that the non-association provision would have on the Defendants and their familial relationships, this Court hereby amends its prior Judgment to remove the non-association provisions. If at any time in the future the Bureau of Prisons provides the Court with sufficient evidence to show that the Defendants are likely to order additional killings or commit crimes while incarcerated, it may reapply to this Court to modify the Judgment to reimpose the non-association provisions.

## CONCLUSION

Accordingly, the Court's prior Judgment is AMENDED to remove the non-association provisions imposed as part of the Defendants' sentences.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         June 17, 2009