```
                                                                    1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

     - - - - - - - - - - - - - - - - X

     UNITED STATES OF AMERICA      :     04 CR 911

          -against-                      U.S. Courthouse
                                   :
                                         Brooklyn, New York
     ALPHONSE PERSICO
     JOHN DeROSS

                    Defendants     :
                                         February 3, 2006
     - - - - - - - - - - - - - - - - X   10:00 a.m.


     BEFORE:
                HONORABLE STERLING JOHNSON
                United States District Judge



     APPEARANCES:

     For the Government:      ROSLYNN R. MAUSKOPF
                              United States Attorney
                              One Pierrepont Plaza
                              Brooklyn, New York  11201
                              BY:  THOMAS SEIGEL
                                   Assistant U.S. Attorney


     For the Defendant:       DALE L. SMITH, ESQUIRE
     Alphonse Persico         110 Greene Street, Suite 1102
                              New York, New York 10012


     For the Defendant:       ROBERT LaRUSSO, ESQUIRE
     John DeRoss
```

RONALD E. TOLKIN, RMR
OFFICIAL COURT REPORTER

2

1  Court Reporter:            RONALD E. TOLKIN, RPR & RMR
                              Official Court Reporter
2                             225 Cadman Plaza East
                              Brooklyn, New York 11201
3

4        Minutes Taken Stenographically.  Transcript Produced

5  By Computer Aided Transcription.

1    THE CLERK: United States of America versus Alphonse
2 Persico and John DeRoss.
3    MR. LaRUSSO: Robert LaRusso for John DeRoss.
4    MR. SMITH: Dal L. Smith for Mr. Persico.
5    MR. SEIGEL: Good morning, Judge.
6    Thomas Seigel for the United States.
7    THE COURT: Mr. Seigel, why are we here?
8    MR. SEIGEL: Your Honor, there is a superseding
9 indictment. The superseding indictment adds no new charges
10 against Mr. John DeRoss. It adds charges against Alphonse
11 Persico for conspiracy to murder Joseph Campanella, the
12 assault with a dangerous weapon, Joseph Campanella, and the
13 924(c) charge related to that assault. He's already been
14 charged in this indictment in the Cutolo murder.
15    THE COURT: Now, does that mean there will be
16 motions on it?
17    MR. SEIGEL: Your Honor, I don't know if there will
18 be anything different. This case has been pending since
19 October of 2004. Originally, both defendants here were
20 charged with the murder of William Cutolo and with witness
21 tampering related thereto. And I should say originally
22 Mr. John DeRoss was charged with the Campanella crimes --
23 that's what I will call them -- initially. So the addition
24 here was simply the addition of Mr. Persico as a defendant on
25 the Campanella crimes, so the case has been pending. We have

1  a trial date of May 15.  The Court, at the last status
2  conference --
3              THE COURT:  Mr. Smith, you represent Mr. Persico,
4  right?
5              MR. SMITH:  Yes, and there will be motions.  That is
6  the short answer, Your Honor.
7              MR. SEIGEL:  I figured there would be motions in the
8  at some point.  There haven't been any motions to date.
9              THE COURT:  What date do you want for the motions?
10             MR. SMITH:  Just let me say this, Your Honor.  You
11 will recall that this actually started out as a death eligible
12 case, and the word came from Washington in December of '05
13 that it's not going to be a death case.  So, you know, there
14 are no motions filed, of course, because as counsel pointed
15 out, who was Mr. Ginsburg, that we would need to know how the
16 Government was proceeding --
17             THE COURT:  What date do you want for motions?
18             MR. SMITH:  I would say that I would need at least
19 two to three months to file my motion.
20             THE COURT:  Oh, no.  No siree.  Give him 30 days,
21 Augie.
22             MR. SEIGEL:  Your Honor, one thing the Government
23 would like to do, if it's all right, is by February 15, we
24 would like to file our anonymous jury motion by that date, if
25 that is okay.

RONALD E. TOLKIN, RMR
OFFICIAL COURT REPORTER

1  THE COURT: Well, I got to see what the motions are.
2  MR. SEIGEL: Well, Judge, that -- I mean, I have
3  told the Court for over a year I would be filing an anonymous
4  jury motion, and now that we're -- in fact, I did file one for
5  the case that we are on trial now, the severed defendants, so
6  now this one --
7  THE COURT: But this is a new day, because you have
8  a new indictment. You have a superseding indictment.
9  MR. SEIGEL: Your Honor, I understand that. But I
10 think it is not a superseding indictment where, for example,
11 they are charged with gambling and all of a sudden we added
12 murder. They have know, and we have said in our papers --
13 THE COURT: Well, let me tell you one thing. It
14 doesn't matter what you think or even what I think. Defense
15 counsel has to make a determination what he is going to do
16 with this superseding indictment.
17 MR. SMITH: Your Honor --
18 THE COURT: The motions that he makes, if he makes
19 any motion, might have merit, might not have merit. But
20 that's his call.
21 MR. SEIGEL: The Government just wants to file an
22 anonymous jury motion in time for the Court to decide.
23 THE COURT: I don't know when the trial will be
24 until I look at the motions.
25 MR. SEIGEL: Your Honor, just like two weeks ago you

U.S.A. v. PERSICO and J. DeROSS                                    6

1   ago you did set a trial date, and that was knowing that I was
2   going to supercede, because I told the Court.
3           THE COURT:  Two weeks ago you now have a -- you
4   didn't have an affidavit superseding indictment.  You now have
5   a superseding indictment.
6           MR. SEIGEL:  That is true, Your Honor, but --
7           THE COURT:  There are certain rights that the
8   defendant has.
9           MR. SEIGEL:  Yes, Judge.  And actually, you know
10  what, Your Honor, the case in the Second Circuit says that
11  knowing when you are adding a new count to an indictment like
12  that, it doesn't extend any rights.  There are no new rights.
13  There is nothing in the case law or the statute that says that
14  they get anything under the Speedy Trial Act.
15          MR. SMITH:  Well, I don't know about that.
16          THE COURT:  Just a second.  When he talks, you keep
17  quiet.  You understand?
18          MR. SEIGEL:  And, in fact, in December, Judge, not
19  only did I say I would be superseding, I told the Court and
20  these defendants exactly what the charges would be.  So when
21  Your Honor set the date in January, you knew what the
22  superseder was going to be, and so did they.  We just got it
23  out of the grand jury on January 19.
24          So I don't think there is any case law or even a
25  pretrial act that says they are entitled to any extra time.

1  And we have had a long month's discussion over the month about
2  a trial date.  We got a date on May 15 which the Government
3  would like to proceed on.
4          THE COURT:  I know you would; however, you file your
5  motions.
6          MR. SMITH:  If I may be heard briefly, Your Honor.
7  I know we're coming back here on February 17, and at that time
8  Mr. LaRusso will inform the Court as to where he is in terms
9  of getting immersed in the case.
10         But let me just say this, I think it would be a good
11 idea for us to come back on the 17.  I have looked at the
12 Government's opening statement, and it appears as if there is
13 some kind of connection that they are claiming I never thought
14 existed between the Campanella attempted murdered and the
15 Cutolo --
16         THE COURT:  What will happen is that, file your
17 motions by the 17th.
18         MR. SMITH:  I couldn't do it by then, Your Honor.
19         THE COURT:  File your motions by February 17th.
20 File your motion by February 17th, and you will get two weeks
21 to respond.
22         MR. SMITH:  Just let me say this, Your Honor.  I
23 cannot file my motions by the 17th.  First of all, there is
24 entire case and discovery that I have no intention of looking
25 at because my client was not charged with the offense, which

1  is the Campanella murder.

2          My understanding is there was a trial that lasted
3  some two or three weeks involving the actual perpetrators of
4  that crime and a whole host of discovery.  It would take me at
5  least two to three weeks even to go through that material,
6  Your Honor.  And given my other obligations and getting ready
7  for this case that is scheduled for May, I couldn't possibly
8  have it by the 17th.

9          MR. SEIGEL:  Your Honor, the only thing I would say
10 is that realistically, Mr. LaRusso is very new to the case.  I
11 am sure it is impossible for him to file his motions by the
12 17th.

13         MR. LaRUSSO:  Your Honor, I am sorry for
14 interrupting, but that is exactly the point the I was going to
15 make.  I am caught between both counsels at this point.  I am
16 new to the case.  And I have been trying to block times off
17 for my other commitments, and it's been difficult.  I haven't
18 had the ability to meet with Mr. DeRoss more than two or three
19 times.  So I am not in a position, Judge, to tell you that I
20 am ready for anything at this point.

21         I am basically looking at the next two weeks.  I
22 have time now.  I have been able to block some time.  Can we
23 just adjourn this to the status date of February 17th and
24 readdress these issues?  I think Mr. Smith will have an
25 opportunity to determine what motions may be viable and be

U.S.A. v. PERSICO and J. DeROSS                                9

1  able to discuss more intelligently with you -- at least I
2  would -- where I stand.  I know that it's even a shorter
3  period of time than I would like, but I think with two weeks I
4  can discuss --
5              THE COURT:  Your client is not impacted by the
6  superseder.
7              MR. LaRUSSO:  No.  But I am impacted, coming into
8  the case new, trying to learn all of the facets of this case,
9  which the Court is well aware of, that we are talking about
10 trials and wiretaps.  I mean, it is monstrous.
11             THE COURT:  Let me ask you this:  Have you provided
12 discovery to counsel?
13             MR. SEIGEL:  I have been doing it for 16 months
14 Judge, absolutely.
15             THE COURT:  But not on the superseding.  That's a
16 separate matter.  The defendant now is charged with complicity
17 in the Campanella shooting?
18             MR. SEIGEL:  Correct, Judge.  But there's not a
19 discovery because the other defendants, all three -- there
20 were originally four defendants until the Court severed the
21 case.  So the discovery went out the same.  It was turned
22 over.
23             THE COURT:  There is no knew discovery, you are
24 saying?
25             MR. SEIGEL:  Correct, Judge.

U.S.A. v. PERSICO and J. DeROSS                                  10

1    THE COURT:  Okay.  Well, I will add adhere to my
2    original thing.  I will give you your 30 days for motions.
3    The Government says there is no new discovery.  So you have
4    make your motions within thirty days.
5         When do you want to respond?
6         MR. SEIGEL:  Thirty days of what date, Judge?  I'm
7    sorry.  Thirty days to submit it?
8         THE COURT:  Yes.
9         THE CLERK:  So it's March 3rd for the motions.
10        THE COURT:  When do you want to respond?
11        MR. SEIGEL:  Your Honor, we would ask for three
12   weeks to respond.
13        THE COURT:  What day?
14        THE CLERK:  March 24th.
15        MR. SEIGEL:  Your Honor, could we at the time they
16   filed their motions file our anonymous jury motion?
17        THE COURT:  Sure you can.
18        MR. SEIGEL:  Does that give the Court enough time,
19   if we have a May 15th trial, to decide that and order a jury?
20   I ask for the clerk's purposes.  Is that enough time?
21        THE COURT:  As you know, I can make a decision.
22        MR. SEIGEL:  Oh, I know that, Judge.
23        THE COURT:  One of the things that I can do, I can
24   make a decision.  File it at the same time.
25        MR. SEIGEL:  Okay.  Very good, Judge.

U.S.A. v. PERSICO and J. DeROSS                                11

1   MR. LaRUSSO:  Your Honor, before you put time
2   limitations on myself, could we hold that off until the 17th?
3   I am just not at this point able to discuss intelligently with
4   you what we probably need and where I'm going relative to the
5   time schedule.  I'm just asking for another two weeks before
6   we discuss that.  For example, I would like a copy of the
7   transcript of the trial that is concluding.  If it's all right
8   with the Court, I would ask permission that you authorize the
9   transcript.
10           THE COURT:  Are you CJA?
11           MR. LaRUSSO:  Yes, I am, Your Honor.
12           THE COURT:  Okay.
13           MR. LaRUSSO:  I will submit an order, if it's all
14  right with the Court.
15           THE COURT:  Yes.
16           MR. LaRUSSO:  And it would include the electronic
17  media form as well, because that makes it a lot easier to
18  review.
19           THE COURT:  Electronic media?
20           MR. LaRUSSO:  Yeah.  The court reporter is well
21  aware of that format.  I will submit an order to the Court by
22  the end of the day.
23           THE COURT:  Okay.
24           MR. SEIGEL:  Is that Friday?  Would anyone have an
25  objection to the following Monday?  Is that is possible, Your

1   Honor, for counsel as well, instead of Friday, the 17th?

2           MR. LaRUSSO:  Excuse me just one second.  I have to
3   check.

4           THE CLERK:  It doesn't sense to have it on the 17th
5   now?

6           MR. SMITH:  If it is going to be moved, I would just
7   ask that it be the Tuesday.

8           MR. SEIGEL:  That is fine.  Tuesday the 21st.

9           THE COURT:  In all fairness, I do have to give
10  Mr. LaRusso some time, because he's been brought into this
11  case.

12          MR. SEIGEL:  You know what?  We will keep it on
13  Friday the 17th.  Mr. LaRusso is going on vacation the
14  following week, so we'll keep it the 17th.

15          MR. LaRUSSO:  The only week the boys are off.  That
16  is the week we usually take off.

17          THE COURT:  Okay.

18          MR. SEIGEL:  They need to be arraigned, Judge.

19          THE COURT:  You had waived a reading and plead not
20  guilty.

21          MR. LaRUSSO:  On behalf of Mr. DeRoss, yes, Your
22  Honor.

23          MR. SMITH:  Yes, Your Honor.

24          THE COURT:  Now, I want all parties to know that I
25  want to try this case.  Okay?  So there will be no dalliance.

U.S.A. v. PERSICO and J. DeROSS                    13

1    MR. LaRUSSO:  We will make every effort, Judge.  And
2 I will be honest with you, Judge.  If I see an issue, I will
3 bring it to your attention as soon as possible.
4    THE COURT:  All right.
5    MR. SEIGEL:  Thank you, Judge.
6       (Whereupon the proceedings were concluded)

U.S.A. v. PERSICO and J. DeROSS                    14

1                          I N D E X

2

3   WITNESSES:                          PAGES:

4   None

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RONALD E. TOLKIN, RMR
OFFICIAL COURT REPORTER

U.S.A. v. PERSICO and J. DeROSS                    15

1                E X H I B I T S

2    NUMBER                              PAGE

3    None

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RONALD E. TOLKIN, RMR
OFFICIAL COURT REPORTER